UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

William Davidson, a/k/a
Jason Wright,

       Plaintiff,

   v.                             Civil Action No. 2:10-CV-199

State of Vermont,

       Defendant.

## REPORT AND RECOMMENDATION
(Doc. 1)

      Plaintiff William Davidson, a New York inmate proceeding *pro se*, seeks to file a complaint in this Court *in forma pauperis*.   Because the materials submitted satisfy the requirements of 28 U.S.C. § 1915, Davidson's motion to proceed *in forma pauperis* is GRANTED.   However, for reasons set forth below, I recommend that his complaint be DISMISSED with leave to amend.

      When a court reviews an application to proceed *in forma pauperis*, 28 U.S.C. § 1915 mandates that it conduct an initial screening to ensure that the complaint has a legal basis.   *See* 28 U.S.C. § 1915(e)(2).   A court must dismiss the complaint *sua sponte* if it determines that the allegations of poverty are untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2)(B).

      The complaint in this case is difficult to understand.   There is no discrete list of defendants, no plain statement of a claim, and no prayer for relief.   Indeed, the text of

Davidson's filing does not set forth a single clear factual allegation.   For example, when asked on the complaint form to set forth the factual basis for his claim, Davidson writes: "Defendant #1 in the Prison – The Religious in fact is sex in identical violence."   (Doc 1-2 at 5.)   He follows this with: "#2 Court in New York;" "#3 Activity to purpose visits warrant required public trial and counsel 6th amendment withheld . . . testing;" "#4 State of Vermont prison official the objective strategy risk harm;" and so on.   *Id.* (ellipsis in original).   His attachments to the complaint are equally unclear, offering such claims as "[t]his is court to house bisexual and transgender in attack to wait," and "[c]reating a law in special housing is to give situations concerns . . . have criminals to his health and to private in."   (Doc. 1-3 at 1.)   As to any potential defendants, Davidson lists six, including "In the Prison," "Court," and "State of Vermont."   (Doc. 1-2 at 1.)

Based upon the documents attached to the complaint, and upon some of Davidson's own assertions, it appears that he was formerly incarcerated at the Chittenden Regional Correctional Facility ("CRCF") in South Burlington, Vermont.   Giving his handwritten filings an extremely liberal reading, Davidson may be alleging that, while at CRCF, he was either assaulted or was afraid of an assault, and that prison officials disregarded the actual or perceived risk to his safety.   Documentation attached to the complaint indicates that he has been incarcerated in New York, that he may have been a fugitive in Vermont, that he has a significant criminal history, and that he has been a recipient of food stamps.   (Doc. 1-3 at 5-20.)   Also included in the documentation is the result of an HIV antibody test, a bank statement, copies of various receipts, and documents from his stay at CRCF.   *Id.*

2

Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).   While "[s]pecific facts are not necessary," the statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests."   *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).   If a complaint is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised," a district court may dismiss the case.   *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Here, Davidson's claims are nearly impossible to decipher.   Even when the complaint is read with extreme liberality, the Court is left to guess as to his factual allegations, the parties involved, and the relief being sought.   In sum, the complaint falls significantly short of the requirements of Rule 8, and is so confused and unintelligible that dismissal is required.   *Id.*   Furthermore, to the extent that the State of Vermont is the defendant in the case, the claims brought against it are barred by the Eleventh Amendment. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978).

The Second Circuit has held that dismissal for failure to comply with Rule 8 generally requires leave to amend, and that in most cases it will be "an abuse of discretion to deny leave to amend when dismissing a nonfrivolous original complaint on the sole ground that it does not constitute the short and plain statement required by Rule 8." *Salahuddin,* 861 F.2d at 42.   The *Salahuddin* court did allow, however, that leave may be denied "in extraordinary circumstances, such as where leave to amend has previously been given and the successive pleadings remain prolix and unintelligible."   *Id.*   Indeed, the Second Circuit has upheld dismissals where the district court provided warnings and

3

opportunities for amendment, notwithstanding the fact that the complaint was

"'unintelligible [and] its true substance . . . [was] well disguised.'"   *Green v. FLDDSO*,

136 F. App'x 441, 442 (2d Cir. 2005) (quoting *Salahuddin*, 861 F.2d at 42); *see Iwachiw v.*

*Gersh*, 212 F. App'x 44, 45-46 (2d Cir. 2007).

In this case, the flaw in Davidson's pleading is that it lacks any intelligible claim.

Nonetheless, there is a suggestion in his complaint that he suffered an injury, and that

prison officials may bear some responsibility.   Given the potential for such a claim, the

Court cannot say with certainty that "the problem with [plaintiff's] causes of action is

substantive" and that "better pleading will not cure it."   *Cuoco v. Moritsugu*, 222 F.3d 99,

112 (2d Cir. 2000); *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d

Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its

claim, a complaint should be dismissed with prejudice.").   I therefore recommend that the

complaint be DISMISSED, but that Davidson be allowed 30 days in which to file an

amended complaint.

If Davidson wishes to continue to pursue his claims and amends his complaint, the

amended complaint must comply with the Federal Rules of Civil Procedure and should

only be brought against a party or parties who is/are not immune from suit in federal court.

Failure to file an amended complaint within the 30-day period should result in

DISMISSAL of the case without prejudice.   Because I am recommending that the

complaint be dismissed, the U.S. Marshals Service need not undertake service of the

complaint at this time.

4

Dated at Burlington, in the District of Vermont, this 18th day of August, 2010.


/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge


Any party may object to this Report and Recommendation within 14 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appeal the District Court's order.   *See* Local Rules 72(a), 72(c), 73; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(d).