UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

William Davidson, a/k/a
Jason Wright,

      Plaintiff,

      v.                                                                           Civil Action No. 2:10-CV-199

State of Vermont,

      Defendant.

## REPORT AND RECOMMENDATION

Plaintiff William Davidson, a New York inmate proceeding *pro se*, initiated this case on August 13, 2010 by filing a Complaint and a motion to proceed *in forma pauperis*. In a Report and Recommendation dated August 18, 2010, I granted the *in forma pauperis* motion but recommended dismissal of the Complaint as "nearly impossible to decipher." (Doc. 3 at 3.) I also recommended granting Davidson leave to amend. (*Id.* at 4.) Chief Judge Sessions subsequently adopted the Report and Recommendation, and Davidson has submitted an Amended Complaint. He has also submitted additional filings, which the Court construes as supplemental to his initial pleadings.

When a court receives a complaint in a civil action where, as here, a prisoner seeks redress from a governmental entity or officer, 28 U.S.C. § 1915A mandates that it conduct an initial screening to ensure that the complaint has a legal basis. *See* 28 U.S.C. § 1915A. A court must dismiss the complaint *sua sponte* if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief

from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

In my previous Report and Recommendation, I noted that "[t]he complaint in this case is difficult to understand.   There is no discrete list of defendants, no plain statement of a claim, and no prayer for relief.   Indeed, the text of Davidson's filing does not set forth a single clear factual allegation."   (Doc. 3 at 1-2.)   I did allow, however, that giving Davidson's filing an extremely liberal reading, he might be asserting a claim of assault, or fear of assault, during a period of incarceration in Vermont.   (*Id.* at 2.)   Accordingly, I recommended granting leave to amend.

Davidson's amended complaint is no clearer than his initial filing.   He addresses his amended pleading to "The Clerk Allah," and begins with: "I am in concern to William Davidson's life in the Dept of Corrections.   He has been involved in numerous scams to mess up his frame of mind.   Today on 9/9/10 his draft bags did not arrive.   This is the fourth succession in mind of his release date."   (Doc. 7 at 1.)   The filing continues in similar fashion for several handwritten pages.   Davidson does make a brief reference to "Burlington Vermont" and "sexual assault," but again fails to set forth any related, or intelligible, facts.   *Id.*

Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).   While "[s]pecific facts are not necessary," the statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests."   *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).   If a complaint is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised," a district court may dismiss

the case.  *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Both Davidson's initial and amended complaints may be fairly characterized as "confused, ambiguous, vague, or otherwise unintelligible."  *Id.*  His supplemental filings are equally incoherent.  Furthermore, as I noted in my prior Report and Recommendation, any claim against the State of Vermont is barred by the Eleventh Amendment.  *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978).  Dismissal is therefore warranted under 28 U.S.C. § 1915A.

When a court has provided an opportunity to amend, and the amended pleading remains "unintelligible [and] its true substance . . . well disguised," final dismissal is appropriate.  *Green v. FLDDSO*, 136 F. App'x 441, 442 (2d Cir. 2005) (quoting *Salahuddin*, 861 F.2d at 42); *see Iwachiw v. Gersh*, 212 F. App'x 44, 45-46 (2d Cir. 2007).  Such is the case here.  I therefore recommend that this case be DISMISSED as frivolous.

Dated at Burlington, in the District of Vermont, this 3rd day of November, 2010.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), 6(a), 6(d); L.R. 72(c).  Failure to timely file such objections operates as a waiver of the right to appellate review of the District Court's adoption of such Report and Recommendation.  *See* Fed. R. Civ. P. 72(a); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).